# USDC SCAN INDEX SHEET










```
SWD     8/25/05    14:21
3:05-CV-01676   HOIST FITNESS SYS V. MAX RACK INC
*1*
*CMP.*
```

ORIGINAL

FILED

05 AUG 24 PM 3:45

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

1  NEIL F. MARTIN (SBN: 41,677)
   JOHN LL. HALLER (SBN: 61,392)
2  SUSAN B. MEYER (SBN: 204,931)
   **GORDON & REES LLP**
3  101 West Broadway
   Suite 1600
4  San Diego, CA 92101
   Phone:      (619) 696-6700
5  Facsimile:  (619) 696-7124

6

7  Attorneys For: Plaintiff,
   HOIST FITNESS SYSTEMS, INC.

8

9             UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| HOIST FITNESS SYSTEMS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MAX RACK, INC., an Ohio corporation,<br><br>Defendant. | CASE NO.<br><br>'05 CV 1676 L (NLS)<br><br>COMPLAINT FOR"<br><br>(1) DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY AND UNENFORCE-ABILITY OF THE MAX RACK PATENTS;<br><br>(2) PRELIMINARY AND PERMANENT INJUNCTION TO RESTRAIN ACTS OF UNFAIR COMPETITION, ANTITRUST VIOLATIONS AND PATENT MISUSE; AND<br><br>(3) DAMAGES FOR FEDERAL AND STATE UNFAIR COMPETITION, FOR FEDERAL AND STATE ANTI-TRUST VIOLATIONS, AND FOR PATENT MISUSE (UNCLEAN HANDS)<br><br>DEMAND FOR JURY TRIAL |

1

COMPLAINT FOR DECLRATORY JUDGMENT

Plaintiff Hoist Fitness, Inc. (hereinafter sometimes referred to as "Plaintiff" or "Hoist Fitness"), for its Complaint against Defendant Max Rack, Inc. (hereinafter referred to as "Defendant" or "Max Rack), hereby alleges as follows:

## JURISDICTION

1.  This civil action for declaratory judgment of patent non-infringement, patent unenforceability, and patent invalidity is brought pursuant to 28 U.S.C. § § 2201-2202 and the patent laws of the United States, 35 U.S.C. § § 1, et seq., Further, this is an action for damages for federal and state unfair competition, under 15 U.S.C. § 1125(a) and California Business & Professions Code § § 17200, et seq., and under federal and state common law. This action is further based on federal and state anti-trust violations, under 15 U.S.C. § 2 and California Business and Professions Code § 16720. The amount in controversy exceeds $75,000. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § § 1331, 1332, 1338 and 1367

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

3.  Plaintiff Hoist Fitness Systems, Inc. is a California corporation, with its principal place of business at 9990 Empire Street, Suite 130, San Diego, CA 92126.

4.  Plaintiff is informed and believes, and on that basis alleges, that Defendant Max Rack, Inc. is an Ohio corporation with sales in California.

## COUNT ONE

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF PATENT

5.  Plaintiff Hoist is a manufacturer of fitness equipment, participating in the home gym market, among other commercial markets in the fitness industry, and is the owner by assignment of a number of U.S. patents.

6.  Inventor Randall T. Webber is an officer of Hoist Fitness. Randall T. Webber continues to invent and design fitness equipment for Hoist Fitness.

7. Inventor Randall T. Webber has a new fitness equipment design, presently in the prototype phase, and which is presently termed Free Lift Rack Out Machine. The new Free Lift Rack Out Machine simulates the feel of a free weight bench press (a free weight lift in horizontal and vertical movements of the weight bar) and which allows the user to rack the weight at a height selected by the user at the conclusion of a lift. Hence, the descriptive name of "Free Lift Rack Out Machine" was developed as a name that would describe to consumers and be recognized in the fitness industry as describing the primary "free weight lift" and "rack out" features of the new fitness equipment model.

8. Plaintiff Hoist Fitness is informed and believe that when Defendant Max Rack became aware that Hoist Fitness was developing a new free weight rack out model, Max Rack contacted Hoist Fitness and informed Hoist Fitness of two patents which Max Rack holds, U.S. Patent No. 5,215,510 entitled Dual-Guided Exercise Apparatus, and U.S. Patent No. 5,669,859 entitled Weightlifting Apparatus (collectively "the Max Rack Patents"). Max Rack claimed that Hoist Fitness' new free weight rack out model would infringe the Max Rack Patents.

9. Plaintiff Hoist Fitness employed legal counsel and undertook an infringement analysis of the new Hoist Fitness free weight rack out model by its prototype drawings against the Max Rack Patents. The conclusion of this formal infringement analysis was that the new free weight rack out model lacked at least one of the essential features of every claim of the Max Rack Patents, that the prosecution history of the nature of the differences between the devices bars Max Rack from invoking the doctrine of equivalents and, therefore, could not infringe Max Rack Patents either literally or under the doctrine of equivalents.

10. Plaintiff Hoist Fitness contacted Max Rack, sent the drawings of the new design and informed Max Rack of the reasons that the new free weight rack out model did not infringe any claim of the Max Rack Patents. Max Rack did not respond in substance to the Hoist Fitness position of non-infringement.

11. Instead, Defendant Max Rack began insisting that in order to avoid an infringement claim with respect to the prototyping and demonstration of Hoist Fitness' new free

3

1   weight rack out model, Hoist Fitness would have to take a license under the Max Rack Patents,
2   requiring Hoist Fitness to pay a five percent (5%) royalty.

3   12.   Plaintiff Hoist Fitness confirmed the non-infringement opinion to Max Rack, and
4   provided its analysis in detail to Max Rack. Nevertheless, in the face of a detailed non-
5   infringement opinion, Max Rack continued to insist that a license was necessary. Hoist Fitness
6   became concerned that Max Rack may be planning to sue Hoist Fitness for patent infringement.

7   13.   In an effort to avoid this dispute escalating to the level of patent infringement
8   litigation, Hoist Fitness suggested a business-based solution whereby the two companies could
9   co-exist and do business in the fitness market (notwithstanding that max Rack had not made a
10  case for infringement) in the manufacture and sale of free weight rack out models to the home
11  gym and other commercial segments of the fitness market.

12  14.   The business proposal would put aside the issue of infringement, and included
13  provisions where Defendant Max Rack would agree not to sue Hoist Fitness in connection with
14  Hoist Fitness' new free weight rack out model, and that Max Rack would pursue others in the
15  market in enforcement of the Max Rack Patents. When Defendant Max Rack rejected the
16  business proposal where together the two companies would participate in the free weight rack
17  out market, and when Max Rack continued to insist that Hoist Fitness take a non-exclusive
18  license, Plaintiff Hoist Fitness became increasingly concerned that if it did not capitulate to Max
19  Rack's demand that it take a non-exclusive license in order to develop its new free weight rack
20  out model, that Max Rack would sue Hoist Fitness for infringement.

21  15.   Defendant Max Rack set out its alternatives in writing and the inevitable result
22  appeared to Hoist Fitness to be that if Hoist Fitness did not give in even though it's infringement
23  opinion concluded that its new model did not infringe the Max Rack Patents, that Max Rack
24  would sue for patent infringement.

25  16.   When Defendant Max Rack announced to Plaintiff Hoist Fitness that Max Rack
26  would not consider an exclusive arrangement with Hoist Fitness along the lines of the business
27  proposal made by Hoist Fitness, and that in fact Max Rack had already granted a <u>non</u>-exclusive
28  license to another competitor, Hoist Fitness' became increasingly concerned that it would not be

4

COMPLAINT FOR DECLARATORY JUDGMENT

able to reach an accommodation with Max Rack on a business basis as a way of resolving their dispute despite their disagreement on infringement, and that Max Rack would sue Hoist Fitness for infringement, and that in particular it would do so if Hoist continued with its plans to show and/or demonstrate its new free weight rack out model at the August 2005 Denver fitness expo.

17. Plaintiff Hoist Fitness requested that Defendant Max Rack resolve its dispute with Hoist Fitness either through recognition of its non-infringement analysis or by reaching an agreement for a purely business accommodation, and that such a resolution be completed prior to the August, 2005 fitness expo in Denver. Plaintiff Hoist Fitness had made it known that it would introduce its new free weight rack out model at the trade show and sought to do so without fear of incurring an infringement claim by Max Rack.

18. Defendant Max Rack continued to insist that Plaintiff Hoist Fitness take a license regardless of its non-infringement position.

19. As the date of the trade show approached and no resolution had been reached with Defendant Max Rack, Plaintiff Hoist Fitness became increasingly apprehensive that Max Rack was going to sue Hoist Fitness. And in fact, Hoist Fitness found out that its fear of suit was justified when it learned from a third party that on August 19, 2005, in fact Max Rack had filed suit against Hoist Fitness in another jurisdiction – Eastern District of Ohio, claiming infringement of the Max Rack Patents.

20. Hoist Fitness and Max Rack have an actual case and controversy that is ripe for adjudication by this Court. Hoist Fitness is not subject to personal jurisdiction in Ohio, and accordingly seeks declaratory judgment by this Court in this jurisdiction and venue of non-infringement of any claim of the Max Rack Patents by its new prototype free weight rack out model, that every claim of the Max Rack patents is invalid for failure to comply with the provisions of the United States patent statutes, including but not limited to 35 U.S.C. §§ 102, 103 and 112, and that each of the Max Rack Patents is unenforceable.

21. Hoist Fitness alleges that this is an exceptional case, and that Hoist Fitness is entitled to recover from Max Rack Hoist Fitness' attorney's fees and expenses incurred in bringing this declaratory relief action.

## COUNT TWO

## FEDERAL UNFAIR COMPETITION

[15 U.S.C. § 1125(a)]

22. Plaintiff Hoist Systems repeats and restates the allegations of the foregoing Paragraphs 1 through 21, as though fully set forth hereat in their entirety.

23. Plaintiff Hoist System is informed and believes that Defendant has violated and continues to violate the provisions of federal unfair competition law, 15 U.S.C. § 1125(a), by asserting the Max Rack Patents against Plaintiff Hoist Fitness, knowing that the Max Rack Patents are not infringed, are invalid and are unenforceable, and by insisting that Plaintiff take a license under the Patents in order to develop Plaintiff's new device.

24. The foregoing described acts by Defendant Max Rack constitute violations of the common law of the United States of America.

25. Plaintiff Hoist Systems is being injured by the unlawful acts of Defendant Max Rack, and will continue to be injured unless Defendant is enjoined by the Court, and unless Defendant is order to pay restitution to Plaintiff for Defendant's unfair competition.

26. Plaintiff Hoist Systems is entitled to a preliminary and permanent injunction and for compensatory and punitive damages, in an amount to be determined but in excess of $75,000.

## COUNT THREE

## STATE LAW UNFAIR COMPETITION

[California Unfair Practices Act.

California Business & Professions Code § § 17200, et seq.]

27. Plaintiff Hoist Systems repeats and restates the allegations of the foregoing Paragraphs 1 through 21, inclusive, and 23 through 26, inclusive, as though fully set forth hereat in their entirety.

28. Plaintiff Hoist Systems is informed and believes that Defendant Max Rack has violated and continues to violate California Business & Professions Code Section § § 17200, et seq. by asserting the Max Rack Patents against Plaintiff Hoist Fitness, knowing that the Max

Rack Patents are not infringed, are invalid and are unenforceable, and by insisting that Plaintiff take a license under the Patents in order to develop Plaintiff's new device.

29. The foregoing described acts by Defendant Max Rack constitute violations of the common law of the State of California.

30. Plaintiff Hoist Systems is being injured by the unlawful acts of Defendant Max Rack, and will continue to be injured unless Defendant is enjoined by the Court, and unless Defendant is order to pay restitution to Plaintiff for Defendant's unfair competition.

31. Plaintiff Hoist Systems is entitled to a preliminary and permanent injunction to enjoin further acts of unfair competition by Max Rack to attempt to enforce the Max Rack Patents against Hoist Fitness, and for compensatory and punitive damages, in an amount to be determined but in excess of $75,000.

## COUNT FOUR

### FEDERAL ANTITRUST VIOLATIONS

### (15 U.S.C. § 2)

32. Plaintiff Hoist Systems repeats and restates the allegations of the foregoing Paragraphs 1 through 21, inclusive, 23 through 26, inclusive, and 28 through 31, inclusive, as though fully set forth hereat in their entirety.

33. Plaintiff Hoist Systems is informed and believes that Max Rack has committed acts which are a knowing attempt to extend the legitimate protection of the patent and so to misuse the patent and to monopolize or attempt to monopolize the market for Rack Out Weight Machines. These acts violate Section 2 of the Sherman Antitrust Act   Max Rack acts are a specific attempt to monopolize, anticompetitive conduct in the form of a patent infringement action filed against Hoist without a good faith basis to believe that the patent was infringed, and the fact that absent the intervention of this court, Max Rack will use the legal process to intimidate and deter legitimate competition for Rack Out Weight Machines.

34. Plaintiff seeks to recover its damages from Defendant's violations and asks this Court that the damages award be trebled as provided by the Sherman Act. Plaintiff seeks an

injunction barring further attempts to enforce the Max Rack Patents against products conforming to Plaintiff's non-infringing design.

## COUNT FIVE

### STATE ANTITRUST VIOLATIONS

[California Business & Professions Code § 16720, et seq.

(The Cartwright Act)]

35. Plaintiff Hoist Systems repeats and restates the allegations of the foregoing Paragraphs 1 through 21, inclusive, 23 through 26, inclusive, 28 through 31, inclusive, and 33-34, as though fully set forth hereat in their entirety.

36. Plaintiff Hoist Systems is informed and believes that Max Rack has committed acts which are a knowing attempt to extend the legitimate protection of the patent and so to misuse the patent and to monopolize or attempt to monopolize the market for Rack Out Weight Machines. These acts violate California anti-trust laws/ Plaintiff Hoist Systems is informed and believes that the Max Rack acts are a specific attempt to monopolize, anticompetitive conduct in the form of a patent infringement action filed against Hoist systems without a good faith basis to believe that the patent was infringed, and the fact that absent the intervention of this court, Max Rack will use the legal process to intimidate and deter legitimate competition for Rack Out Weight Machines.

37. Plaintiff seeks to recover its damages from Defendant's violations and asks this Court that the damages award be trebled as provided by the Cartwright Act. Plaintiff seeks an injunction barring further attempts to enforce the Max Rack Patents against products conforming to Plaintiff's non-infringing design.

## COUNT SIX

### PATENT MISUSE (Unclean Hands)

38. Plaintiff Hoist Systems repeats and restates the allegations of the foregoing Paragraphs 1 through 21, inclusive, 23 through 26, inclusive, 28 through 31, inclusive, and 33-34, and 36-37, as though fully set forth hereat in their entirety.

39. Plaintiff Hoist Systems is informed and believes that by its actions Max Rack is using the Max Rack Patents to obtain market benefit beyond that which inheres to the statutory patent right and is thereby committing patent misuse, independent of, and in addition to, its antitrust violation.

40. Plaintiff seeks a preliminary and permanent injunction from this Court barring further attempts by Max Rack to enforce the Max Rack Patents until the misuse has stopped and its effects disapated.

## PRAYER

WHEREFORE, Plaintiff Hoist Fitness requests that this Court enter a declaratory judgment in its favor, and against the Defendant Max Rack:

1. Declaring that Hoist Fitness Systems, Inc.'s new free weight rack out prototype does not infringe any claim of the Max Rack Patents,
2. Declaring that both of the Max Rack Patents are invalid;
3. Declaring that both of the Max Rack Patents are unenforceable;

Plaintiff Hoist Fitness further prays this Court for a preliminary and permanent injunction (1) barring further attempts by Max Racks to enforce the Max Rack Patents against products conforming to Plaintiff's non-infringing design, and (2) barring Defendant Max Racks from further attempts by Max Rack to enforce the Max Rack Patents until the misuse has stopped and its effects disapated

Plaintiff Hoist Fitness further prays this court for judgment:

4. That Defendant Max Rack is liable for unfair competition for asserting a patent that is invalid, unenforceable and which is not infringed by Hoist Fitness;
5. Awarding Hoist Fitness for compensatory and punitive damages for state and federal unfair competition;
6. That Defendant Max Rack is liable for antitrust violations of state and federal law and for patent misuse (unclean hands) by asserting the Max Rack Patents against Hoist Fitness;

7. Awarding Hoist Fitness for compensatory and punitive damages for federal and state antitrtust violations and for patent misuse,

8. Awarding Hoist Fitness its reasonable costs including attorney's fees incurred in bringing this declaratory relief action; and

9. For such other and further relief as the Court determines as just and proper.

GORDON & REES LLP

Dated: August 24, 2005       By _____
Neil F. Martin, Esq.
John L. Haller, Esq.
Susan B. Meyer, Esq.
Attorneys for Plaintiff,
HOIST FITNESS SYSTEMS, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff Hoist Fitness hereby demands a jury trial as to all issues that are triable to a jury.

GORDON & REES LLP

Dated: August 24, 2005       By _____
Neil F. Martin, Esq.
John L. Haller, Esq.
Susan B. Meyer, Esq.
Attorneys for Plaintiff,
HOIST FITNESS SYSTEMS, INC.

**ORIGINAL**

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
HOIST FITNESS SYSTEMS, INC., a California corporation

**DEFENDANTS**
MAX RACK, INC., an Ohio corporation,

FILED
05 AUG 24 PM 3:45
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
GORDON & REES LLP
101 WEST BROADWAY
SUITE 1600
SAN DIEGO, CA 92101
619-696-6700

**ATTORNEYS (IF KNOWN)**

'05 CV 1676 L (NLS)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY OF FPATENT; FOR FEDERAL AND STATE UNFAIR COMPETITION AND FOR FEDERAL AND STATE ANTITRUST VIOLATIONS AND FOR PATENT MISUSE 35:0145

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [X] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 740 Railway Labor Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ xequitable relief and in excess of $75,000.00   CHECK YES only if demanded in complaint:   JURY DEMAND: [X] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY**  (See instructions):   JUDGE _____   Docket Number _____

DATE   AUGUST 24, 2005
SIGNATURE OF ATTORNEY OF RECORD
Neil F. Martin, Esq.
GORDON & REES LLP
101 W. Broadway, Suite 1600
San Diego, CA 92101

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

CR   116600   $250.00